# Third District Court of Appeal

## State of Florida

Opinion filed May 24, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1319
Lower Tribunal No. 20-7265
_____

**Danelia Gomez, et al.,**
Appellants,

vs.

**Carlos Gomez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Law Office of Mark A. Kamilar, and Mark A. Kamilar, for appellants.

Corona Law Firm, P.A., and Ricardo M. Corona and Michelle Denis, for appellee.

Before SCALES, MILLER and BOKOR, JJ.

PER CURIAM.

Citing exclusively to Florida's statute of frauds,[1] the trial court dismissed, with prejudice, the three-count amended complaint of the plaintiffs below, appellants Danelia Gomez and Odell Landeros. Count I of the amended complaint alleges that appellee Carlos Gomez, the defendant below, breached an oral joint venture agreement with appellants concerning the acquisition, maintenance and sale of real property. Though the statute of frauds generally does not apply to joint venture agreements to develop and sell real estate for a profit, see Russell v. Thielen, 82 So. 2d 143, 146 (Fla. 1955), we affirm the dismissal of count I because there was no agreement between the parties that appellee Gomez would share in the net profits of the subject property's sale. See Jackson-Shaw Co. v. Jacksonville Aviation Auth., 8 So. 3d 1076, 1093-94 (Fla. 2008) ("While the agreement may meet one or even several elements of the [joint venture] test, it clearly does not meet all of them. . . . [W]hile the parties did agree to share in the net profits, JAA never agreed to share in the losses . . . should the project prove unprofitable.'" (quoting Jackson-Shaw Co. v. Jacksonville Aviation Auth., 510 F. Supp. 2d 691, 730 (M.D. Fla. 2007))).

Counts II and III of the amended complaint seek equitable relief and the imposition of a constructive trust on allegations sounding in unjust

[1] § 725.01, Fla. Stat. (2017).

2

enrichment. Because such claims are not barred by the statute of frauds, see Kolski ex rel. Kolski v. Kolski, 731 So. 2d 169, 172 (Fla. 3d DCA 1999), we reverse the dismissal of counts II and II and remand to the trial court for proceedings consistent with this opinion.[2]

Affirmed in part; reversed in part and remanded with instructions.

---

[2] We express no opinion on the merits of either of appellants' surviving counts.